**Darryl MORGAN, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. No. 84–2963.**

United States District Court, District of Columbia.

Oct. 30, 1986.

Mark C. Ellenberg and Melanie B. Abbott of Cadwalader, Wickersham & Taft, Washington, D.C., for plaintiff.

Metcalfe C. King, Asst. Corp. Counsel for the District of Columbia Dept. of Corrections, Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

Plaintiff brings this action alleging that defendants, acting under color of state law, breached the rules of the District of Columbia Department of Corrections and thereby deprived plaintiff of his liberty in violation of the due process clause and 42 U.S.C. § 1983. Upon thorough consideration of the cross motions for summary judgment and defendants' motion to dismiss, the Court grants defendants' motion for summary judgment in part and, denies defendants' motion for summary judgment in part and plaintiff's motion for summary judgment in whole.

## I. BACKGROUND

Plaintiff complains that while incarcerated at the Maximum Security Facility at Lorton, Virginia, he was repeatedly deprived of his liberty without due process. These deprivations involved four types of incidents. First, plaintiff states that on three occassions he was assigned to adjustment segregation in excess of 14 days (April 4–23, 1986; July 14–31, 1986; July 31, 1986 to at least August 20, 1986) in violation of the District of Columbia Department of Corrections Rule ("Rule") 105.-2(c). *See* Second Amended Complaint. Secondly, plaintiff alleges that defendants violated Rules 108.1 and 108.3, requiring a hearing within three days of receiving a disciplinary report. *See id.* Thirdly, plaintiff asserts that the Administrator twice violated Rule 113.7, which requires that he review hearing reports within three days of receiving them. *See id.* Finally, plaintiff contends that the Administrator's rescission of plaintiff's visiting privileges on two ocassions increased plaintiff's punishment in violation of Rule ˙113.3. *See id.*

## II. DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

If on a motion to dismiss for failure to state a claim upon which relief can be granted matters outside the pleadings are presented and considered by the Court, as is the case here, the motion shall be treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.Pro. 12(b). The Court will consider defendants' motion for summary judgment first. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2720 (cross motions for summary judgment should be considered separately). Defendants' motion must be granted if "there is no genuine issue as to any material fact and [defendants are] entitled to a judgment as a matter of law." Fed.R.Civ. Pro. 56(c).

### A. *Plaintiff Must Have a Protected Liberty Interest for the Due Process Clause to Apply*

Although prison regulations may identify a liberty interest that triggers due

process, prison regulations do not automatically create a liberty interest. *See Hewitt v. Helms,* 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983); *Crosby-Bey v. District of Columbia,* 786 F.2d 1182, 1186 (D.C.Cir.1986) (per curiam). Plaintiff must first establish that he has a protected liberty interest for the due process clause to apply. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); *Brandon v. District of Columbia Board of Parole,* 734 F.2d 56, 62 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985); *Lucas v. Hodges,* 730 F.2d 1493, 1498–1507 (D.C.Cir.), *vacated as moot,* 738 F.2d 1392 (D.C.Cir.1984); *Brandon v. District of Columbia Board of Parole,* 631 F. Supp. 435, 438 (D.D.C.1986). "Liberty interests may arise under the Constitution or through state statutes or regulations imposing 'substantive limitations' on official discretion." *Brandon,* 631 F.Supp. at 438; (quoting *Baumann v. Arizona Department of Corrections,* 754 F.2d 841, 843 (9th Cir.1985)); *see also Hewitt,* 459 U.S. at 471–72, 103 S.Ct. at 871–872; *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 465–67, 101 S.Ct. 2460, 2464–66, 69 L.Ed.2d 158 (1981); *Lucas,* 730 F.2d at 1499. The Court will examine each of plaintiff's claims to determine whether the Constitution or the prison regulations at issue create a liberty interest. If a liberty interest is found, the Court will then examine whether the process plaintiff received met the minimum requirements of the due process clause.

B. *The Adjustment Segregation Incidents*

██ Plaintiff contends that he was denied due process each time he was assigned to adjustment segregation in excess of fourteen days. Rule 105.2 states that a prisoner guilty of a Class II major offense "*shall* be subject to ... (c) [a]ssignment to adjustment segregation ... for a period *not to exceed* fourteen (14) days." (emphasis added). Although regulations in and of themselves do not create a liberty interest,

see *Hewitt,* 459 U.S. at 469, 103 S.Ct. at 870; *Crosby-Bey,* 786 F.2d at 1186, the use of explicitly mandatory language creates a liberty interest. *See, e.g., Hewitt,* 459 U.S. at 472, 103 S.Ct. at 871; *Brandon,* 631 F.Supp. at 438–39. The mandatory character of the language of Rule 105.2(c) prohibits segregation in excess of fourteen days and, thus, creates a liberty interest entitling plaintiff to due process.

██ Because there is a genuine issue of material fact over whether plaintiff was ever retained in adjustment segregation in excess of fourteen days, *compare* Lindsay Affidavit *with* Salley Affidavit, the Court cannot grant summary judgment for defendants. The Advisory Committee states in the Notes to Rule 56: "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Plaintiff has shown specific bases for impeaching defendants' affiants, *compare* Lindsay Affidavit, para. 4 *with* Salley Affidavit, para. 5; *see also* Plaintiff's Reply Memorandum (filed Mar. 28, 1986) (summarizing the areas of disagreement between the defendants' affiants), and, therefore, the Court cannot grant defendants' motion. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2766. Accordingly, the Court must deny defendants' motion for summary judgment with respect to the alleged violations of Rule 105.2(c).

C. *Plaintiff's Allegation That He Did Not Receive a Hearing*

██ Plaintiff complains that immediately after his transfer to the Maximum Security Facility on April 4, 1984, he was placed in the control cells without a hearing in violation of Rules 108.1 and 108.3. *See* Second Amended Complaint; Lindsay Affidavit para. 3; Defendants' Exhibit No. 1. Rules 108.1 and 108.3 state that a hearing *shall* be held within three working days of the prisoner's receipt of the written report on the offenses charged. Although the rule is

cast in mandatory language, "procedures themselves do not create [a liberty] interest." *Brandon*, 631 F.Supp. at 440 (citing *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.1982), *cert. denied*, 459 U.S. 1043, 103 S.Ct. 462, 74 L.Ed.2d 612 (1982)). The Court must first determine whether the procedures protect any underlying liberty interest. *See Slocum*, 678 F.2d at 942 (unless there is a liberty interest, the procedures followed are not required to comport with the standards of fundamental fairness); *Brandon*, 631 F.Supp. at 440 (before establishing what procedures are necessary to comply with due process, there must be a liberty interest).

 Plaintiff has a liberty interest in remaining in the general prison population. *See Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983); *Crosby-Bey*, 786 F.2d at 1183 n. 2. Thus, plaintiff is entitled to some due process before being confined to the control cells. Although defendants state that "it is undisputed that plaintiff received timely hearings for all his disciplinary infractions," Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Supplemental Memorandum in Support of the Motion for Summary Judgment at 6 (filed Oct. 2, 1986), defendants' statement is not supported by the record. *See* Affidavits of Lindsay and Salley and Defendants' Exhibit No. 1. Therefore, absent evidence that plaintiff was accorded minimum due process, the Court must deny defendants' motion for summary judgment on this issue.

D. *Review of the Hearing Reports*

 Plaintiff alleges that the Administrator twice violated Rule 113.7, which requires him to review the written decision of the Adjustment Board within three working days of receiving it. Again, because this is a procedural rule cast in mandatory language, the Court must determine whether the Administrator's alleged failure to review the decision infringed a liberty interest. In both instances plaintiff alleged

that Rule 113.7 was breached, plaintiff was assigned to punitive segregation. Prior to imposing punitive sanctions in a disciplinary proceeding, due process requires that an inmate be given written notice of the charges, the right to call witnesses and present evidence, an impartial tribunal and a written statement of the tribunal's decision. *See Wolff v. McDonnell*, 418 U.S. 539, 563–68, 94 S.Ct. 2963, 2978–81, 41 L.Ed.2d 935 (1974); *see also Superintendent Massachusetts Correctional Institute v. Hill*, 472 U.S. 445, 452–54, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985); *Crosby-Bey*, 786 F.2d at 1185. Due process does not, however, require that the decision of the Adjustment Board be reviewed within three days, or be reviewed at all. Rule 113.7 goes beyond the minimum requirements of due process. Therefore, summary judgment is granted for defendants with respect to the two alleged violations of Rule 113.7.

E. *The Denial of Visitation Privileges*

 Plaintiff charges that the Administrator violated Rule 113.3 when he increased plaintiff's punishment by taking away his visiting privileges. Neither the Constitution or a statute creates a liberty interest in visitation. *See Robinson v. Palmer*, 619 F.Supp. 344, 349 (D.D.C.1985). Nevertheless, a liberty interest may be created by regulations imposing substantive limitations on official discretion. *See Hewitt*, 459 U.S. at 471–72, 103 S.Ct. at 871–72. *Lucas*, 730 F.2d at 1499; *Brandon*, 631 F.Supp. at 438. Rule 113.3 states that upon review of a decision of the Adjustment Board the Administrator "may" vacate the decision, reduce the punishment, or remand the case. Although Rule 113.3 does not use mandatory language expressly prohibitting the Administrator from increasing punishments, it expressly limits the Administrator's power. Furthermore, Rule 113.4 states that the Administrator "shall" not remand for the purpose of increasing the punishment. Reading Section 113 as a whole, the meaning is the same as if the language expressly stated that the

Administrator "shall" not increase the punishment imposed by the Adjustment Board. The absolute prohibition on the Administrator's power to increase punishments is a substantive limitation on the Administrator's and, therefore, plaintiff does have a liberty interest in visitation. *See Olim,* 461 U.S. at 249, 103 S.Ct. at 1747 (state created liberty interest by placing a substantive limitation on an official's discretion); *see also Bigelow v. Lindsay,* Civil Action No. 84–3302, slip op. at 8 (D.D.C. July 30, 1986) (a prisoner has a liberty interest in visitation that cannot be denied without a due process hearing); *Blocker v. District of Columbia,* Civil Action No. 85–0527 (D.D.C. June 6, 1985) (same).

■ The periods during which plaintiff's visitation privileges were withdrawn are not in dispute. *See* Salley Affidavit & Defendants' Exhibits B, C & H. It is also not disputed that "[a]djustment segregation shall be confinement in a control cell without *privileges....*" Rule 105.4. Accordingly, if the Adjustment Board granted plaintiff a hearing and then recommended adjustment segregation without visitation as Ms. Salley attests, *see* Salley Affidavit, there would be no due process problem. Although the Salley Affidavit is uncontested, it is clearly at odds with the Lindsay Affidavit, raising a question of credibility. *Compare* Lindsay Affidavit, para. 4 *with* Salley Affidavit, para. 5; *see also* Plaintiff's Reply Memorandum (filed Mar. 28, 1986) (summarizing the areas of disagreement between the defendants' affiants). Thus, there is a genuine issue of fact regarding when plaintiff was assigned to adjustment segregation. If plaintiff's adjustment segregation did not coincide with the the rescission of visitation privileges or the visitation privileges were not imposed by the Adjustment Board, he would be entitled to some due process before his visitation privileges can be suspended by the Administrator. Accordingly, the Court cannot grant summary judgment on this issue. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2766.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

As discussed above, summary judgment will be granted for plaintiff if there is no genuine issue of material fact that he was deprived of a liberty interest without due process and he is entitled to judgment as a matter of law.

### A. *The Adjustment Segregation Incidents*

Plaintiff has a liberty interest in not being assigned to adjustment segregation in excess of 14 days without adequate due process. *See supra* p. 697. There is a genuine issue of material fact regarding whether plaintiff was in adjustment segregation for periods exceeding fourteen days. *See supra* p. 697. Therefore, the Court must deny plaintiff's motion for summary judgment with respect to the alleged violations of Rule 105.2(c).

### B. *Plaintiff's Allegation That He Did Not Receive a Hearing*

Plaintiff complains that he was placed in the control cells without a hearing immediately after his transfer to the Maximum Security Facility on April 4, 1984, in violation of Rules 108.1 and 108.3. *See* Second Amended Complaint; Lindsay Affidavit para. 3; Defendants' Exhibit No. 1. Plaintiff has a liberty interest in remaining in the general prison population, *see Olim,* 461 U.S. at 249, 103 S.Ct. at 1747; *Crosby-Bey,* 786 F.2d at 1183 n. 2, and, thus, is entitled to some due process. There is no evidence that plaintiff received a hearing, *see* Affidavits of Lindsay and Salley and Defendants' Exhibit No. 1, and plaintiff's allegation that he did not receive a hearing is not supported by the record. *See* Local Rule 108(h) (requiring facts allegedly not in dispute to be supported by the record). Therefore, the Court must deny plaintiff's motion for summary judgment on this issue.

### C. *Review of the Hearing Reports*

As fully discussed above, due process does not require that the decision of the

Adjustment Board be reviewed within three days. *See supra* p. 698. Thus, due process is not violated merely because the Administrator failed to comply with Rule 113.7, which goes beyond the minimum requirements of due process. *See supra* p. 698. Therefore, plaintiff is not entitled to judgment as a matter of law and summary judgment must be denied with respect to the alleged failure to comply with Rule 113.7.

D. *The Denial of Visitation Privileges*

As explained above, the regulations at issue create a liberty interest in visitation privileges. *See supra* pp. 698–699. Whether plaintiff was denied his visitation privileges in violation of due process is unclear. *See supra* pp. 698–699. Therefore, because there is a genuine dispute over material issues of fact summary judgment for the plaintiff must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court grants defendants' motion for summary judgment only with regard to the two violations of Rule 113.7, denies the remainder of defendants' motion for summary judgment and denies plaintiff's motion for summary judgment in whole. An Order shall issue herewith.